IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-09-702 |
| | § | |
| MARCUS D. HAMILTON | § | |

## MEMORANDUM AND ORDER

This criminal prosecution is before the Court on Defendant Marcus D. Hamilton's Motion to Dismiss for Failure to Establish Interstate Commerce Jurisdiction ("Motion to Dismiss") [Doc. # 25], to which the Government filed a Response [Doc. # 30]. Having reviewed the record and applied governing legal authorities, the Court **denies** the Motion to Dismiss.

Defendant was charged in a one-count Indictment [Doc. # 1] with the illegal possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Defendant has moved to dismiss the Indictment, arguing that it "fails to allege any facts that would establish interstate commerce, an essential jurisdictional element." *See* Motion to Dismiss, p. 1. Defendant argues specifically that the "Commerce Clause does not grant Congress unlimited authority to legislate," and that "there is no

allegation that the alleged conduct substantially affected interstate commerce." *See id.* at 2, 4.

In support of the argument that the Commerce Clause does not grant unlimited legislative authority, Defendant cites *United States v. Morrison*, 529 U.S. 598, 608 (2000) and *United States v. Lopez*, 514 U.S. 549, 558-59 (1995). Neither case relied on by Defendant supports dismissal of the Indictment in this case. *Lopez* did not involve a charge under § 922(g) but, instead, challenged § 922(q) which prohibits possession of a firearm in a school zone. *Morrison* involved civil remedies in the Violence Against Women Act, 42 U.S.C. § 13981. Moreover, the Fifth Circuit has specifically and repeatedly rejected *Lopez*-based challenges to § 922(g). *See United States v. Daugherty*, 264 F.3d 513, 518 (5th Cir. 2001); *United States v. Rawls*, 85 F.3d 240, 242 (5th Cir. 1996); *United States v. Guerra*, 2010 WL 759133, *3 (5th Cir. Mar. 5, 2010).

Binding Fifth Circuit precedent similarly rejects the argument that the United States is required to allege conduct that "substantially" affects interstate commerce.[1] *See Rawls*, 85 F.3d at 242; *United States v. Longoria*, 352 F. App'x 968, *1 (5th Cir.

---

[1] In connection with the argument that the Indictment must allege that Defendant's conduct "substantially" affected interstate commerce, Defendant complains that the Indictment does not explain "how the possession of the firearm affected interstate commerce." Defendant cites no legal authority to support the argument that the Indictment must include an explanation of how interstate commerce is affected.

Nov. 10, 2009). The only elements required for a § 922(g) charge are "(1) that the defendant previously had been convicted of a felony; (2) that he possessed a firearm; and (3) that the firearm traveled in or affected interstate commerce." *United States v. Guidry,* 406 F.3d 314, 318 (5th Cir. 2005) (quoted in *United States v. Broadnax,* __ F.3d __, 2010 WL 988415, *3 (5th Cir. Mar. 19, 2010)). The interstate commerce element may be satisfied if the firearm had travelled in interstate commerce. *See Scarborough v. United States,* 431 U.S. 563 (1977); *United States v. Gresham,* 118 F.3d 258, 264 (5th Cir. 1997).

Defendant's challenges to the Indictment in this case have been rejected by the United States Supreme Court and/or the Fifth Circuit. Accordingly, it is hereby

**ORDERED** that Defendant's Motion to Dismiss [Doc. # 25] is **DENIED**.

Signed at Houston, Texas, this **23rd** day of **April, 2010**.

_____
Nancy F. Atlas
United States District Judge